UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SUMAIYAH POWELL,

                 Plaintiff,

   -against-

CHECKERS DRIVE-IN RESTAURANTS, INC., BURGERLICIOUS III, INC., FORDHAM FOODS (USA), INC. d/b/a CHECKERS, RHOMINO ROSE, VIJAY GHEI, and KAPIL SATIJA

                 Defendants.
------------------------------------------------------------------X

Civil Case No:

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff SUMAIYAH POWELL by and through her attorneys DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants CHECKERS DRIVE-IN RESTAURANTS, INC., BURGERLICIOUS III, INC., FORDHAM FOODS (USA), INC. d/b/a CHECKERS, RHOMINO ROSE, VIJAY GHEI, and KAPIL SATIJA (collectively referred to as "Defendants,") upon information and belief as follows:

**NATURE OF CASE**

Plaintiff, SUMAIYAH POWELL complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the Administrative Code of the City of New York and the laws of the State of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367, seeking declaratory relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, sex/gender discrimination, pregnancy discrimination, hostile work environment,

1

retaliation, and unlawful termination by Defendants.

## JURISDICTION AND VENUE

1. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII.  The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

2. Additionally, the Court has supplemental jurisdiction under the State and City laws of New York.

3. Around January 19, 2021, Plaintiff SUMAIYAH POWELL submitted a Charge of Discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC").   The federal charge number is 520-2021-01429.

4. Around June 22, 2021, Plaintiff SUMAIYAH POWELL received a Right to Sue Letter from the EEOC for federal charge number 520-2021-01429.

5. Plaintiff satisfied all administrative prerequisites and is filing this case within the applicable Statute of Limitations.

6. Venue is proper in this court, as the events giving rise to this action arose in Bronx County, within the Southern District of New York.

## PARTIES

7. Plaintiff is a is an individual female resident of the State of New York, County of New York.

8. At all times material, CHECKERS DRIVE-IN RESTAURANTS, INC. (hereinafter referred to as "Checkers Drive-In") is a foreign business corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

9. At all times material, BURGERLICIOUS III, INC. (hereinafter referred to as "Burgerlicious") is a domestic business corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

10. At all times material, FORDHAM FOODS (USA), INC. (hereinafter referred to as "Fordham Foods") is a domestic business corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

11. At all times material, Defendants Checkers Drive-In, Burgerlicious, and Fordham Foods were joint employers of Plaintiff (hereinafter collectively referred to as "Checkers").

12. At all times material, RHOMINO ROSE (hereinafter referred to as "Rose") was and is a Store Manager with Checkers. Rose held supervisory authority, controlling many of Plaintiff's job duties. Rose held the power to hire and fire Plaintiff.

13. At all times material, VIJAY GHEI (hereinafter referred to as "Ghei") was and is a Store Manager with Checkers. Ghei held supervisory authority, controlling many of Plaintiff's job duties. Ghei held the power to hire and fire Plaintiff.

14. At all times material, KAPIL SATIJA (hereinafter referred to as "Satija") was and is the District Manager with Checkers. Satija held supervisory authority, controlling many of Plaintiff's job duties. Satija held the power to hire and fire Plaintiff.

**STATEMENT OF FACT**

15. Around April 6, 2020, Defendants hired Plaintiff as a Team Member in their Bronx, New York location.

16. Thereafter until around June 25, 2020, Plaintiff regularly worked between thirty-five (35) to forty (40) hours each week. In fact, on several occasions, Plaintiff's managers called to tell her that they needed her to come in on her days off to work a few extra hours that week.

17. Around June 25, 2020, Plaintiff informed Defendants' Store Manager Ghei and Defendants' District Manager Satija that she was seven (7) months pregnant and asked if she could work the morning shift rather than the overnight shift due to her pregnancy.

18. Plaintiff explained to Defendants' Store Manager Ghei and Defendants' District Manager Satija that the overnight shift required a longer and more exhausting commute home because the buses did not run as frequently during the early hours of the morning.

19. The following week, Plaintiff received the new week's schedule only to find that her hours had been drastically cut to twenty-four (24) hours that week.

20. Afterwards, Plaintiff inquired why her hours had been cut to only twenty-four (24) hours as opposed to her usual forty (40) hours a week.

21. In response, Defendants' Store Manager Ghei told Plaintiff that he only had that many hours to offer her that week. However, Plaintiff noticed that her non-pregnant colleagues working the same shift, were still able to work longer hours.

22. Afterwards, Defendants changed Plaintiff's job duties and forced her to work on her foot as a cashier in the front of the store and no longer allowed her to work with the food at the restaurant. Additionally, Defendants' began making Plaintiff wear a belt around her waist as part of her uniform even though Plaintiff protested that the belt was too tight to wear around her pregnant stomach.

23. As a result, Plaintiff became suffered extreme hardship being forced to stand on her feet, and wear an extremely tight belt while at work. In fact, if Plaintiff ever did stop to sit for a few minutes, Defendants' Store Manager Rose would routinely scream at Plaintiff.

24. Nonetheless, each time Defendants' Store Manager Rose screamed at Plaintiff for taking a rest break, Plaintiff told her that she needed time to sit and rest due to her pregnancy.

25. However, Defendants' Store Manager Rose continued to yell and threaten Plaintiff that she would be written up if she continued to take breaks to sit or refused to wear her belt.

26. Thereafter, Plaintiff called Defendants' discrimination hotline to complain about the unlawful discrimination and the hostile work environment that she was forced to endure.

27. However, Defendants refused to failed to take any reasonable or immediate action to help combat the discrimination and hostile work environment.

28. In fact, after her complaint, Plaintiff's hours were even further reduced from twenty-four (24) hours to sixteen (16) hours until she was only working five (5) hours a week by the time she was unlawfully terminated.

29. Around August 4, 2020, Defendants' District Manager Satija told Plaintiff that she was setting a bad example by sitting down and that she had to work the cashier instead of working at the sandwich station. In response, Plaintiff explained that she was pregnant and that she needed to sit in order to give her legs a rest. Nonetheless, Satija insisted that Plaintiff could not sit or rest and that if she had a problem she could go home.

30. Afterwards, Plaintiff called Defendants' Store Owner to complain about the unlawful discrimination and the hostile work environment that she was still forced to endure. In response, Defendants' Store Owner told Plaintiff that she could either leave or quit and that she did not need to stay in the store.

31. Ultimately, Defendants refused to failed to take any reasonable or immediate action to help combat the discrimination and hostile work environment.

32. Around August 26, 2020, Defendants unlawfully terminated Plaintiff due to sex/gender and pregnancy discrimination, and because they refused to address or take any type of corrective action in response to Plaintiff's complaints of unlawful sex/gender and pregnancy discrimination.

33. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

34. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments including extreme anxiety and severe depression.

35. As a result of Defendants' unlawful and discriminatory actions, Plaintiff became so physically and emotionally distressed that she is having difficulty eating and sleeping.

36. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unwarranted financial hardships and irreparable damage to her professional reputation.

37. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

38. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against all Defendants.

39. The above are just some of the examples of unlawful discriminatory and retaliatory conduct to which Defendants subjected Plaintiff.

40. Defendants' conduct constitutes a continuing violation. Plaintiff claims a continuous practice of discrimination and claims a continuing violations and makes all claims herein under the continuing violations doctrine.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Against Defendant Checkers)

41. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

42. Title VII states in relevant part as follows:

    (a) Employer practices: It shall be an unlawful employment practice for an employer:

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

43. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Among other discriminatory comments and conduct, Defendant Checkers discriminated against Plaintiff on the basis of Plaintiff's sex/gender and pregnancy, creating a hostile work environment. Plaintiff complains of Defendant Checkers violations of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex, gender, and pregnancy.

44. Defendant Checkers engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

45. Defendant Checkers violated the above and Plaintiff suffered numerous damages as a result.

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
### (Against Defendant Checkers)

46. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

47. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

48. Defendant Checkers engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

49. Defendant Checkers violated the above and Plaintiff suffered numerous damages as a result.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE LAW
### (AGAINST ALL DEFENDANTS)

50. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

51. New York State Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, [Effective January 19, 2016: familial status,] marital status, or domestic violence

victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

52. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's sex/gender and pregnancy, as well as creating a hostile work environment and wrongfully terminating Plaintiff based on Plaintiff's membership in the aforementioned protected classes.

53. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

54. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FOURTH CAUSE OF ACTION
FOR RETALIATION UNDER STATE LAW
(AGAINST ALL DEFENDANTS)**

55. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

56. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

57. Defendants engaged in an unlawful discriminatory practice by retaliating, terminating, and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

58. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

59. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

60. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

61. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

62. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the unlawful, discriminatory, and retaliatory conduct as stated herein.

63. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

64. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

65. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

66. The Administrative Code of the Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to

bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

67. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff as set forth herein.

68. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

69. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN SEVENTH CAUSE OF ACTION
### FOR RETALIATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

70. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

71. The New York City Administrative Code Title 8, §8-107(1) (e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

72. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

73. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State City Administrative Code Title 8.

74. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A EIGHTH CAUSE OF ACTION FOR AIDING AND ABETTING
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

75. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

76. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

77. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory, unlawful, and retaliatory conduct.

78. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

79. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A NINTH CAUSE OF ACTION
## FOR INTERFERENCE UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

80. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

81. New York City Administrative Code Title 8-107(19) Interference with protected rights states, in relevant part: It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

82. Defendants violated the section cited herein as set forth.

83. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN TENTH CAUSE OF ACTION FOR SUPERVISOR LIABILITY UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (AGAINST ALL DEFENDANTS)

84. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

85. New York City Administrative Code Title 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: The employee or agent exercised managerial or supervisory responsibility; or the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or the employer should have known of the employee's or agents discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

86. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

Dated:  New York, New York
        September 20, 2021

**DEREK SMITH LAW GROUP, PLLC**

By: **/s/ Daniel Altaras**
Daniel J. Altaras, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760